IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRANDON MICHAEL GOLDSMITH | NO. 2:26-CR-034-Z-BR |

## FACTUAL RESUME

In support of Brandon Michael Goldsmith's plea of guilty to the offenses in Counts One and Two of the indictment, Goldsmith, the defendant; Felipe Zavala, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following.

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), that is, possession with intent to distribute 50 grams or more of methamphetamine, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*. That the defendant knowingly possessed a controlled substance;

*Second*. That the substance was in fact methamphetamine;

*Third*. That the defendant possessed the substance with the intent to distribute it; and

*Fourth*. That the quantity of the substance was at least 50 grams or more, but less than 500 grams, of a mixture or substance containing a detectable amount of methamphetamine.

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

Methamphetamine is a controlled substance within the meaning of this law. To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

To prove the offense alleged in Count Two of the indictment, charging a violation of 18 U.S.C. § 924(c), that is, possession of a firearm in furtherance of a drug trafficking crime, the government must prove each of the following elements beyond a reasonable doubt:[2]

*First*. That the defendant committed the crime alleged in Count One. Possession with intent to distribute 50 grams or more of methamphetamine is a federal drug-trafficking crime;

*Second*. That the defendant knowingly possessed a firearm, and that possession was in furtherance of the defendant's commission of the crime charged in Count One.

To prove the defendant possessed a firearm "in furtherance" of the drug-trafficking crime, the government must prove that the defendant's possession of the firearm furthered, advanced, or helped forward that crime.

## STIPULATED FACTS

1. Brandon Michael Goldsmith, the defendant, admits and agrees that on or about February 24, 2026, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did intentionally or knowingly possess with intent to distribute 50 grams or more, but less than 500 grams, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. All in violation of Title 21,

[2] Fifth Circuit Pattern Jury Instruction 2.44B (5th Cir. 2024).

United States Code, Sections 841(a)(1), 841(b)(1)(B)(viii), Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

2. Goldsmith further admits and agrees that on or about February 24, 2026, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly possess a firearm, to wit: a Hi-Point, 9mm semi-automatic handgun, serial number P1359076, in furtherance of a drug trafficking crime, that is, possession with intent to distribute 50 grams and more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), as charged in Count One of the indictment, an offense for which the defendant may be prosecuted in a court of the United States. All in violation of Title 18, United States Code, Sections 924(c) and 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

3. On February 24, 2026, officers with the Amarillo Police Department (APD) began surveilling Brandon Goldsmith after receiving information that he was involved in drug trafficking. APD officers located Goldsmith at a retail store on Amarillo Boulevard. They saw him enter the driver's seat of a white 2009 GMC Yukon and drive away. They followed him to a residence and saw him enter and then exit carrying a black bag with a shoulder strap. Goldsmith drove away and officers attempted to stop his vehicle after observing a traffic violation. Goldsmith fled in the vehicle and officers ended the pursuit.

4. A similar incident occurred at another business in Amarillo where officers attempted to stop Goldsmith, but he was able to successfully evade the officers in his vehicle. Officers later found the Yukon Goldsmith was operating at the Rock Island Apartments at 7001 Wolflin Avenue; Goldsmith was not in the vehicle. Officers

searched the vehicle and located a black duffel bag, empty sandwich bags commonly used for drug trafficking, a cellphone belonging to Goldsmith, and a wallet with Goldsmith's identification.

5. A short time later, officers spotted Goldsmith walking in front of the Little Armadillo Apartments at 1524 Bell Street carrying two Domino's Pizza boxes. He was arrested for the evading charge. There is a Domino's Pizza restaurant adjacent to the Rock Island Apartments and near where the Yukon was parked. Additionally, two witnesses who were in the area reported seeing the driver of the Yukon park the vehicle at the apartment complex and then flee northbound with a black bag.

6. On February 25, 2026, officers reviewed Goldsmith's jail phone calls. Goldsmith called the owner of the Yukon and instructed him to go to the Rock Island Apartments and look for a black bag that Goldsmith had left near some air conditioning units. Goldsmith told the individual to do it as soon as possible and to be careful. Goldsmith told the individual that Goldsmith didn't think the evading charge would "stick," but if it did "that's better than what it could have been."

7. Officers went to the Rock Island Apartments. They found a black bag and a white mesh laundry bag hidden between some air conditioning units, just as Goldsmith had described. The bag was only a few hundred feet from the Domino's Pizza and in close proximity to where the Yukon was abandoned. The bag also matched the bag Goldsmith had been seen carrying the day before. Inside the bag, officers located scales, containers, several ounces of suspected methamphetamine, and a Hi-Point, 9mm pistol, serial number P1359076.





8. The suspected methamphetamine was submitted to the Drug Enforcement Administration laboratory for testing. It was confirmed to contain methamphetamine and weighed a total of 144.94 grams, 101.45 grams (actual). This quantity of methamphetamine is consistent only with distribution and not personal use. Goldsmith admits that he possessed this methamphetamine and that he possessed it with the intent to distribute it.

9. Additionally, Goldsmith admits that he possessed the firearm described above. He admits that it is, and was at the time of his arrest, a firearm, and that his possession of this firearm furthered his commission of the offense of possession with intent to distribute methamphetamine on February 24, 2026. That is, Goldsmith's possession of the firearm furthered, advanced, or helped forward his possession with intent to distribute methamphetamine because it provided a means for him to protect the methamphetamine and any proceeds from the sale of that methamphetamine.

10. The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts One and Two of the indictment.

11. The defendant further admits and agrees that he possessed the firearm described above in violation of 18 U.S.C. § 924(c) and it is, therefore, subject to forfeiture under 18 U.S.C. § 924(d), along with any additional ammunition, magazines, or accessories recovered with the firearm.

AGREED TO AND STIPULATED on this 4 day of August, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

BRANDON MICHAEL GOLDSMITH
Defendant

FELIPE ZAVALA
Attorney for Defendant

SEAN M. LONG
Assistant United States Attorney
Texas State Bar No. 24056734
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806-472-7351
Facsimile: 806-472-7394
E-mail: sean.long@usdoj.gov